IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTIE RACHELLE ANCRUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1740-S |
| | § | |
| LYFT, INC dba LYFT DRIVES | § | |
| TEXAS, INC, LYFT CENTER, INC, | § | |
| DARTANYAN JAMERSON and | § | |
| SPOUSE DOE JAMERSON, JOHN | § | |
| and JANE DOES I-X, BLACK | § | |
| CORPORATIONS I-X, and WHITE | § | |
| PARTNERSHIPS I-X | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mattie Ancrum has filed a motion for substituted service on Defendant Dartanyan Jamerson. *See* Dkt. No. 7.

United States District Judge Karen Gren Scholer has referred the motion for substituted service to the undersigned United States Magistrate Judge for hearing, if necessary, and determination. *See* Dkt. No. 8; *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

### **Background**

This case concerns a car accident. *See* Dkt. No. 1-1 at 3. Plaintiff Mattie Ancrum was a passenger in a LYFT ride. *See id.* Ancrum alleges Defendant Dartanyan Jamerson, the LYFT driver, collided with another car during her ride causing her injuries that required medical treatment. *See id.*

Ancrum brings claims for violations of the Texas Transportation Code, which she also characterizes as a claim for negligence per se, against Defendants Dartanyan Jamerson and Spouse Doe Jamerson. *See id.* at 2-4. Ancrum also includes Lyft Inc. d/b/a/ Lyft Drives Texas, Inc. ("Lyft") and Lyft Center, Inc. ("Lyft Center") as defendants under the theory of vicarious liability. *See id.* at 4-5. Ancrum finally sues defendants John and Jane Does 1-IX, Black Corporations I-X, and White Partnerships I-X, which she contends are placeholders for persons and entities currently unknown. *See id.* at 2.

Ancrum filed suit in state court. *See* Dkt. No. 1 at 1. And Ancrum filed a motion to substitute service in state court. *See* Dkt. No. 7 at 2. Defendants Lyft and Lyft Center then removed the suit to federal court, on the basis of diversity jurisdiction. *See* Dkt. No. 1 at 2.

Ancrum then filed this motion to substitute service. *See* Dk. No. 7.

## Legal Standards

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and Ancrum seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil

Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

Texas Rule of Civil Procedure 109 provides that service by publication shall be authorized:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so,

the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

Tex. R. Civ. P. 109.

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." Tex. R. Civ. P. 109(a). The Texas Supreme Court has opined that when "a defendant's identity is known, service by publication is generally inadequate." *See In re E.R.*, 385 S.W.3d 552, 560 (Tex. 2012).

Rule 109 requires an accompanying affidavit that states that the defendant's address was unknown to the affiant, the "[defendant] is a transient person, that [the defendant] was absent from Texas or that [the defendant] did not reside in Texas." *Wood v. Brown*, 819 S.W.2d 799, 799 (Tex. 1991).

### Analysis

Ancrum alleges that she has attempted to serve Jamerson multiple times and requests the Court allow her to serve Jamerson through text. *See* Dkt. No. 7. In support of her motion, Ancrum provides multiple returns of non-service and an affidavit from a process server.

Shawn Wells, a process server, attests that he performed a skip trace on Jamerson on July 28, 2023, which revealed multiple social security numbers, no registered vehicles, multiple addresses, and multiple aliases. *See* Dkt. 7-1 at 1. Wells attests that he was "unable to locate a confirmed address" and two recent addresses of the defendant were hotels. *Id.* The returns of non-service indicate:

- A process server attempted to serve Jamerson at 3545 Misty Meadow Dr., Dallas, TX 75287 on July 28, 2023. He spoke with a neighbor who provided no information. The process server attempted service at this address again on August 2, 2023, and could not locate a neighbor. *See id.* at 3.

- A process server attempted to serve Jamerson at 3901 Woodforest Way #617, Ft. Worth, Texas 76155, on July 29, 2023, but the leasing agent stated Jamerson did not live in the apartment. *See id.* at 9.

- A process server attempted to serve Jamerson on July 29, 2023 and August 1, 2023 at 3033 Bardin Rd. Apt. 415, Grand Prairie, TX, 75052, and confirmed with the resident that Jamerson did not live there. *See id.* at 7.

- A process server attempted to serve Jamerson at 5307 Briar Tree Dr. Dallas, Texas 75284 on July 31, 2023 and August 1, 2023 but could not locate Jamerson or a neighbor. *See id.* at 5.

Wells contacted Jamerson through text message on July 31, 2023 and stated he was trying to make a delivery at the Misty Meadows address. *See* Dkt. No. 7-3 at 1. Jamerson initially responded but stopped communication. *See id.* After multiple additional texts, Jamerson spoke to a process server on the phone and set up a time to meet in person. *See id.* at 1-2. They did not meet in person, and Jamerson stopped communicating. *See id.* at 2. Wells attests that he believes the best course of action is to serve Jamerson through text message. *See id.*

While service through text message is permitted under Texas law, Ancrum has failed to satisfy the requirements for the Court to grant her motion for substituted service. *See Allstate Assurance Co. v. Benton*, No. 3:21-cv-3124-K-BN, 2023 WL 3105098 (N.D. Tex. Apr. 25, 2023) (authorizing service through text message).

The sworn statement attached to the motion must "strictly compl[y]" with Texas Rule of Civil Procedure 106. *Mockingbird Dental Grp.*, 2015 WL 4231746, at *1 (citing *Wilson*, 800 S.W.2d at 836.).

Although the affidavit is not required to assert "how the affiant concluded the address was the usual place of business or abode of the defendant," the affidavit is required to "state the address was the defendant's usual place of business or abode." *James v. Comm'n for Law. Discipline*, 310 S.W.3d 586, 590 (Tex. App. – Dallas 2010, no pet.) (discussing *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, (Tex. App. – Dallas 1986, no writ)). Exact recitation of the language of the rule is not required, but the sworn statement must allege the address served is the defendant's place of abode or usual place of business. *See Mobile Dental Health Mgmt., L.L.C. v. Lalonde*, No. 13-21-00073-CV, 2023 WL 1458897, at *4 (Tex. App. – Corpus Christi-Edinburg Feb. 2, 2023, no pet.) (finding affidavit stating address was "place of abode" was sufficient for substituted service, even if not reciting the exact language of the rule); *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App. – Houston [14th Dist.] Sept. 23, 2003, no pet.) (finding affidavit sufficient for substituted service where the affiant stated the address of attempted service was

defendant's address and there was confirmation from a resident the defendant lived at said address).

Even if the motion states the address is the defendant's place of abode, an "unsworn motion is not evidence of probative value that the location was the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Garrels*, 706 S.W.2d at 759 (holding that, although the motion stated the address where service was attempted was the defendant's home, the affidavit did not, making the attempted substitutes service of process "invalid").

Neither the attached affidavit nor any return of non-service states "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." TEX. R. CIV. P. 106(b).

And there is no circumstantial evidence to indicate that any of the addresses of attempted service were places where Jamerson could probably be found. No one was able to confirm Jamerson lived at any of the addresses, nor were there any additional signs Jamerson lived at any of the addresses of attempted service.

While Jamerson never denied that 3543 Misty Meadow Dr. was his address in response to Wells's text stating he had attempted delivery at that address, neither did confirm Jamerson that it was his address.

The Court finds that the sworn statement has not strictly complied with Rule 106.

It is unclear whether Ancrum requests service by publication in her motion because she explicitly requests service by text message. But because Ancrum has also cited to Texas Rule of Civil Procedure 109(a), the court will analyze the request for service of process through publication.

Rule 109 requires an affidavit that contains "(1) an oath by the party or attorney, (2) that the residence of the party defendant is unknown, (3) and that after due diligence plaintiff and affiant have been unable to locate the whereabouts for such defendant, (4) or that such defendant is absent from or is a nonresident of the state, and that the party applying for the citation has attempted to obtain personal service but has been unable to do so." *BBVA USA v. Hall*, No. 5:19-CV-99, 2019 WL 12338326, at *4 (S.D. Tex. Nov. 4, 2019). The Texas Supreme Court states that "a diligent search must include inquiries that someone who really wants to find the defendant would make" and that it must include "'obvious inquiries' a prudent investigator would have made". *In re E.R.*, 385 S.W.3d at 565 (citing *In re S.P.*, 672 N.W.2d 842, 848 (Iowa 2003)). While Ancrum has exercised diligence in trying to serve Jamerson, she has ignored some obvious inquiries, such as attempting to serve the hotels listed as recent addresses for Jamerson. *See* Dkt. No. 7-2 at 5. And service through publication is not favored when it is "both possible and practicable to more adequately warn" a defendant through other means." *See In re E.R.*, 385 S.W.3d at 566. Here Ancrum has identified a more practical way to notify Jamerson of the impending case – through text message. The Court does not find service by

publication to be "authorized," and so will not authorize a "different method of substituted service." TEX. R. CIV. P. 109(a).

As Ancrum has not met the requirements of Rule 106 or 109, the Court must deny without prejudice Ancrum's motion for substituted service. *See* TEX. R. CIV. P. 106; 109.

## Conclusion

The Court denies without prejudice Plaintiff's Motion for Substituted Service on Defendant Dartanyan Jamerson [Dkt. No. 7].

SO ORDERED.

DATED: December 7, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE