IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTIE RACHELLE ANCRUM,<br><br>Plaintiff,<br><br>V.<br><br>LYFT, INC dba LYFT DRIVES TEXAS, INC, LYFT CENTER, INC, DARTANYAN JAMERSON and SPOUSE DOE JAMERSON, JOHN and JANE DOES I-X, BLACK CORPORATIONS I-X, and WHITE PARTNERSHIPS I-X,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:23-cv-1740-S |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mattie Ancrum has filed a third motion for substituted service on Defendant Dartanyan Jamerson. *See* Dkt. No. 17.

United States District Judge Karen Gren Scholer has referred the motion for substituted service to the undersigned United States Magistrate Judge for hearing, if necessary, and determination. *See* Dkt. No. 18; *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

**Background**

This case concerns a car accident. *See* Dkt. No. 1-1 at 3. Plaintiff Mattie Ancrum was a passenger in a LYFT ride. *See id.* Ancrum alleges Defendant Dartanyan Jamerson, the LYFT driver, collided with another car during her ride causing her injuries that required medical treatment. *See id.*

Ancrum brings claims for violations of the Texas Transportation Code, which she also characterizes as a claim for negligence per se, against Defendants Dartanyan Jamerson and Spouse Doe Jamerson. *See id.* at 2-4. Ancrum also includes Lyft Inc. d/b/a/ Lyft Drives Texas, Inc. ("Lyft") and Lyft Center, Inc. ("Lyft Center") as defendants under the theory of vicarious liability. *See id.* at 4-5. Ancrum finally sues defendants John and Jane Does 1-IX, Black Corporations I-X, and White Partnerships I-X, which she contends are placeholders for persons and entities currently unknown. *See id.* at 2.

Ancrum filed suit in state court. *See* Dkt. No. 1 at 1. And Ancrum filed a motion to substitute service in state court. *See* Dkt. No. 7 at 2. Defendants Lyft and Lyft Center then removed the suit to federal court, on the basis of diversity jurisdiction. *See* Dkt. No. 1 at 2.

Ancrum filed her first motion to substitute service on Dartanyan Jamerson on September 29, 2023, which the Court denied without prejudice. *See* Dkt. No. 7; Dkt. No. 11. Ancrum filed her second motion for substituted service on Dartanyan Jamerson, which the Court denied without prejudice. *See* Dkt. No. 12; Dkt. No. 16. Ancrum now files her third motion for substituted service on Dartanyan Jamerson. Dkt. No. 17.

**Legal Standards**

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving

a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and Ancrum seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service

under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

Texas Rule of Civil Procedure 109 provides that service by publication shall be authorized:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a). The Texas Supreme Court has opined that when "a defendant's identity is known, service by publication is generally inadequate." *See In re E.R.*, 385 S.W.3d 552, 560 (Tex. 2012).

Rule 109 requires an accompanying affidavit that states that the defendant's address was unknown to the affiant, the "[defendant] is a transient person, that [the defendant] was absent from Texas or that [the defendant] did not reside in Texas." *Wood v. Brown*, 819 S.W.2d 799, 799 (Tex. 1991).

**Analysis**

Ancrum requests that that the Court authorize substituted service to Jamerson through text message or publication under Texas Rule of Civil Procedure 106(b) or Texas Rule of Civil Procedure 109. *See* Dkt. No. 17 at 1.

Ancrum states that she

> believes she has presented evidence to the Court to show that Defendant Jamerson could not be served at the addresses Shawn Wells, the process server, discovered where he could probably be found. In addition, Plaintiff has presented evidence and averred through her agent, who also averred, that Mr. Jamerson's address is unknown after due diligence to locate it. Indeed, Plaintiff has spent a comparatively substantial amount of costs in attempts to find and serve Mr. Jamerson to no success. The only contact with him has been through a phone number, which prompted Plaintiff to ask the Court if he could be served by that means.

*See id.* at 3.

In support of her motion, Ancrum attaches the declaration of Shawn Wells, a process server, detailing his attempts to serve Jamerson. *See* Dkt. No. 17-1 at 6. As the information provided in the new declaration conflicts with some of the information in the older declaration, the Court will recite the attempts at service below. Wells states that:

- He attempted to serve Jamerson at 3543 Misty Meadow Dr., Dallas, TX 75287 on July 28, 2023, but could not get information about Mr. Jamerson. Later, a person at the address refused to speak to the server. *See* Dkt. No. 17-1 at 2.
- He attempted to serve Jamerson at 3553 Misty Meadow Dr., Dallas, TX 75287 on July 27, 2023, but the address did not exist. *See id.*

- He attempted to serve Jamerson at 3901 Woodforest Way #617, Ft. Worth, Texas 76155, on July 29, 2023, but Jamerson did not live in the apartment. *See id.*
- He attempted to serve Jamerson on July 29, 2023, at 3033 Bardin Rd. Apt. 415, Grand Prairie, TX (missing zip code), but Jamerson did not live there. *See id.*
- He attempted to serve Jamerson at 5307 Briar Tree Dr., Dallas, TX 75284, but does not list the date of attempted service or outcome. *See id.* The previous declaration indicated that Wells attempted service at 5307 Briar Tree Dr. Dallas, Texas on July 31, 2023, and August 1, 2023 but could not locate Jamerson. *See* Dkt. No. 13 at 2. The neighbor did not provide assistance. *See id.*
- He attempted to serve Jamerson at 13660 Monfort Dr., #1060, Dallas, TX 75240, but does not list the date of attempted service or outcome. *See* Dkt. No. 17-1 at 2. The previous declaration states that Wells attempted service at this address on December 16, 2023, but management confirmed Jamerson moved out in 2017. *See* Dkt. No. 13 at 2.
- He attempted to serve Jamerson at 5280 Memorial Dr., #435, The Colony, TX 75056 (Hotels Group Zeal/Staybridge Extended Stay) and lists the only date of service as November 14, 2023. *See* Dkt. No. 17-1 at 2-3. Management confirmed Jamerson was not staying at the hotel and had not been there since March 2023. *See id.* at 3.

- He attempted to serve Jamerson at 17425 Dallas Pkwy., Dallas, TX 75282 (Extended Stay Hotel), but does not list the date of attempted service or outcome. *See* Dkt. No. 17-1 at 2. In the previous declaration, Wells states that he attempted service at this address on December 14, 2023, but management confirmed Jameson was not staying at the hotel. *See* Dkt. No. 13 at 3.
- He attempted to serve Jamerson at 2250 Marsh Ln., #5515, Carrolton, TX 75006 on November 10, 2023, and confirmed Jamerson did not live there. *See* Dkt. No. 17-1 at 3.
- He attempted to contact Jamerson at 682-563-4995 through text on July 31, 2023, and received a response from Jamerson asking, "What are you trying to deliver?". *Id.*

Mr. Wells further states that

> each of the above locations were locations where Mr. Dartanyan Jamerson had been connected but attempts to serve him there were not successful as noted above and/or it was determined that did not live there or could not be located there. I therefore aver that service has been attempted at all of the locations listed above where Mr. Jamerson could probably be found but has not been successful, pursuant to the facts detailed in the chart. Despite thorough investigation, I have been unable to determine Mr. Jamerson's usual place of abode, residence or employment, and have not been able to locate his whereabouts. I have only been able to contact him via text message. As such, based on my inability to locate Mr. Jamerson, I aver that the residence of Mr. Dartanyan Jamerson is unknown to me and to Plaintiff Ms. Mattie Ancrum and after due diligence, I, nor Plaintiff Ms. Mattie Ancrum, has been able to locate his whereabouts, and have only contacted him some months ago via cell phone.

*Id.* at 3-4.

The Court must analyze the new affidavit for compliance with Texas Rule of Civil Procedure 106 or Texas Rule of Civil Procedure 109.

As the Court previously explained, when a plaintiff cannot locate a physical abode for the defendants, some courts have allowed service through email or social media under Rule 106. *See Keller Williams Realty, Inc. v. Lapeer,* No. CIV.A. 4:08-CV-1292, 2008 WL 2944601 (S.D. Tex. July 31, 2008) (finding email service appropriate when the plaintiff attempted to serve the defendant but none of the addresses defendant provided were valid); *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766, at *4 (E.D. Tex. Oct. 6, 2021) (finding plaintiff had made sufficient efforts to locate a physical address in the United States for defendant as required under Rule 106, but as there was no known address for defendant, service through social media was acceptable); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (finding that when two process servers submitted affidavits stating that they could not locate Defendant's current address, Plaintiff's attorney also submitted an affidavit alleging the same, and Plaintiff demonstrated that serving Defendant through his social media account would be "reasonably effective to [give] Defendant… notice of this suit," Plaintiff had met the requirements for substituted service under Texas Rule of Civil Procedure 106).

But, to "strictly compl[y]" with Rule 106, the sworn statement attached to the motion must state "state the address was the defendant's usual place of business or abode or other place where the defendant can probably be found." *James v. Comm'n*

*for Law. Discipline*, 310 S.W.3d 586, 590-91 (Tex. App. – Dallas 2010, no pet.) (discussing *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, (Tex. App. – Dallas 1986, no writ)); *Mockingbird Dental Grp.*, 2015 WL 4231746, at *1 (citing *Wilson*, 800 S.W.2d at 836.).

Exact recitation of the language of the rule is not required. *See Mobile Dental Health Mgmt., L.L.C. v. Lalonde*, No. 13-21-00073-CV, 2023 WL 1458897, at *4 (Tex. App. – Corpus Christi-Edinburg Feb. 2, 2023, no pet.) (finding affidavit stating address was "place of abode" was sufficient for substituted service, even if not reciting the exact language of the rule); *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App. – Houston [14th Dist.] Sept. 23, 2003, no pet.) (finding affidavit sufficient for substituted service where the affiant stated the address of attempted service was defendant's address and there was confirmation from a resident the defendant lived at said address).

Although some courts have interpreted plaintiff to meet this requirement when an affidavit states locations of attempted service even though Defendant's current location was unknown, *see, e.g.*, *Chrisenberry*, 2022 WL 2762219, at *2, courts often use Texas Rules of Civil Procedure 109 and 109(a) to effect service when the defendant's location is unknown. Like the requirements for Rule 106, "citation by publication demands strict compliance with the Texas Rules of Civil Procedure." *Deutsche Bank Nat'l Tr. Co. v. Navarro*, No. 5:18-CV-109, 2019 WL 13191726, at *2 (S.D. Tex. May 2, 2019).

Courts have held that the affidavit supporting service by publication must state the "residence was unknown, … that [Defendant] was a transient person, that [Defendant] was absent from Texas or that [Defendant] did not reside in Texas." *Wood*, 819 S.W.2d at 800 (cleaned up). Some courts have held that Rule 109 requires that "the affidavit must state unambiguously that the residence is unknown to the affiant 'and to such party when the affidavit is made by his agent or attorney.'" *Deutsche Bank*, 2019 WL 13191726, at *2. Texas courts have stated this rule as

> (1) a party or his attorney shall make oath that (2) the Residence of any party or defendant is unknown to affiant (and to such party where the affidavit is made by his attorney), or that such defendant is a transient person, (3) AND that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, (4) or that such defendant is absent from or is a non-resident of the State.

*CIT Bank NA v. Dabney*, No. 3:18-CV-1606-M-BK, 2019 WL 13193805, at *2 (N.D. Tex. July 22, 2019) (cleaned up).

Under this standard, the Court finds that Ancrum has offered a sufficient affidavit to substitute service under Rule 109. The affidavit states that the residence is unknown to the affiant and the Plaintiff, and after due diligence, neither Ancrum nor Wells have been able to locate the whereabouts of Jamerson.

Texas Rule of Civil Procedure 109(a) states that,

> [w]henever citation by publication is authorized, the court may, on motion, prescribe a different method of substituted service, if the court finds, and so recites in its order, that the method so prescribed would be as likely as publication to give defendant actual notice. When such method of substituted service is authorized, the return of the officer executing the citation shall state particularly the manner in which service is accomplished, and shall attach any return receipt, returned mail, or other evidence showing the result of such service. Failure of defendant to respond to such citation shall not render the service invalid. When such substituted service has been obtained and the

> defendant has not appeared, the provisions of Rules 244 and 329 shall apply as if citation had been served by publication.

TEX. R. CIV. P. 109(a).

And "a 109a order authorizing a method of substituted service other than publication could authorize service by the very same method as a 106 order authorizing substituted service." *In Int. of E.D.*, 553 S.W.3d 101, 105 (Tex. App. – Fort Worth 2018, no pet.).

Service by publication is authorized under Rule 109. But serving Jamerson by text, as Ancrum suggests, would be as likely as publication to give Jamerson actual notice because Wells has contacted Jamerson through text. And so, under Rule 109(a), the Court authorizes G&G to serve Jamerson through text at 682-563-4995.

**Conclusion**

The Court GRANTS Plaintiff's Motion for Substituted Service on Defendant Dartanyan Jamerson [Dkt. No. 17].

SO ORDERED.

DATED: August 30, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE